| | |
|---|---|
| 1 | Stephen M. Doniger (SBN 179314) |
| | stephen@donigerlawfirm.com |
| 2 | Scott A. Burroughs (SBN 235718) |
| 3 | scott@donigerlawfirm.com |
| | Trevor W. Barrett (SBN 287174) |
| 4 | tbarrett@donigerlawfirm.com |
| 5 | Justin M. Gomes (SBN 301793) |
| | jgomes@donigerlawfirm.com |
| 6 | DONIGER / BURROUGHS |
| 7 | 603 Rose Avenue |
| | Venice, California 90291 |
| 8 | Telephone: (310) 590-1820 |
| 9 | Attorneys for Plaintiff |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLD VALUE INTERNATIONAL TEXTILE, INC., a California Corporation, individually and doing business as "FIESTA FABRIC," <br><br> Plaintiff, <br><br> vs. <br><br> KNIT CREATIONS, INC., a California Corporation, individually, and d/b/a "LA MADE"; EMINENT, INC., a California Corporation, individually, and d/b/a "REVOLVE CLOTHING"; LSPACE AMERICA, LLC., a California Limited Liability Company, individually, and d/b/a "L*SPACE"; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Plaintiff, GOLD VALUE INTERNATIONAL TEXTILE, INC., a California Corporation, individually, and doing business as "FIESTA FABRIC" (collectively "FIESTA") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff FIESTA is a corporation organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant KNIT CREATIONS, INC., individually and doing business as "LA MADE" (collectively "LA") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 1213 East 14th Street, Los Angeles, CA 90021 and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant EMINENT, INC., individually and doing business as "REVOLVE CLOTHING" (collectively "REVOLVE") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 16800 Edwards Road, Cerritos, CA 90703 and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant LSPACE AMERICA, LLC., individually and doing business as "L*SPACE"

(collectively "LSPACE") is a limited liability company organized and existing under the laws of the state of California with its principal place of business located at 557 Wald Street, Irvine, California 92618 and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of manufacturers or vendors) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein, including but not limited to retail stores and others who have sold the garments at issue in this case. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

1  and/or employment; and actively participated in or subsequently ratified and
2  adopted, or both, each and all of the acts or conduct alleged, with full knowledge of
3  all the facts and circumstances, including, but not limited to, full knowledge of each
4  and every violation of Plaintiff's rights and the damages to Plaintiff proximately
5  caused thereby.

## CLAIMS RELATED TO DESIGN 596-33

7  11.  Prior to the conduct complained of herein, Plaintiff composed an original
8  two-dimensional artwork for purposes of textile printing. Plaintiff allocated the
9  design the name 596-33 (hereinafter "Subject Design").

10  12. The Subject Design is an original creation of Plaintiff and Plaintiff's design
11  team, and is, and at all relevant times, was owned exclusively by Plaintiff.

12  13. Plaintiff registered the Subject Design with the United States Copyright
13  Office.

14  14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric
15  bearing the Subject Design to numerous parties in the fashion and apparel industries.

16  15. Following this distribution of product bearing the Subject Design,
17  Plaintiff's investigation revealed that certain entities within the fashion and apparel
18  industries had misappropriated the Subject Design, and were selling fabric and
19  garments bearing illegal reproductions and derivations of the Subject Design.

20  16. Plaintiff is informed and believes and thereon alleges that, without
21  Plaintiff's authorization, LA and certain DOE Defendants created, sold,
22  manufactured, caused to be manufactured, and distributed garments comprised of
23  fabric featuring designs which are identical to or substantially similar to the Subject
24  Design (hereinafter "Infringing Garment A") to retail stores including but not limited
25  to REVOLVE who then sold said garments to the public. These garments bore the
26  label "LA MADE," indicating that said garments were manufactured, caused to be

- 4 -

COMPLAINT


manufactured by, or supplied by LA, and include but are not limited to the garment shown below with Item Code LAMA-WS1617.

17. A comparison of the Subject Design and the Infringing Garment A is set forth below; it is apparent that the elements, composition, color, arrangement, layout, and appearance of the designs are substantially similar.

**Subject Design** | **Infringing Garment A**



DETAIL



GARMENT



18. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, LSPACE and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of

fabric featuring designs which are identical to or substantially similar to the Subject Design (hereinafter "Infringing Garment B") to retail stores including but not limited to REVOLVE who then sold said garments to the public. These garments bore the label "L*SPACE," indicating that said garments were manufactured, caused to be manufactured by, or supplied by LSPACE, and include but are not limited to the garment shown below with Item Code LSPA-WX269.

19. A comparison of the Subject Design and the Infringing Garment B is set forth below; it is apparent that the elements, composition, color, arrangement, layout, and appearance of the designs are substantially similar.

| **Subject Design** | **Infringing Garment B** |
|---|---|
|  | DETAIL WITH TAG  GARMENT  |

- 6 -

COMPLAINT

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

20. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

22. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

24. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

25. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**
### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 20, 2015        By:        */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff